NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BRIAN L. MOORE, | : | **Hon. Joseph A. Greenaway, Jr.** |
| Petitioner, | : | Civil Action No. 05-3748 (JAG) |
| v. | : | |
| R. DAVID PARRISH, et al., | : | **O P I N I O N** |
| Respondents. | : | |

**APPEARANCES:**

    BRIAN L. MOORE, #207249B
    Riverfront State Prison
    P.O. Box 9104
    Camden, New Jersey  08103
    Petitioner Pro Se

    STUART RABNER, ATTORNEY GENERAL OF NEW JERSEY
    CAROL M. HENDERSON, ASSISTANT ATTORNEY GENERAL
    P.O. Box 086
    Trenton, New Jersey  08625
    Attorneys for Respondents

**GREENAWAY, JR., District Judge**

    Brian L. Moore filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, accompanied by a Letter Brief, challenging a judgment of conviction filed in the Superior Court of New Jersey.  The state filed an Answer, arguing that the Petition is a prohibited second or successive petition, the Petition is barred by the one-year statute of limitations, and none of the claims asserted in the Petition satisfies the standard for habeas corpus relief.  Petitioner filed a Reply to the Answer.  For the reasons expressed below, this Court dismisses the Petition for lack of jurisdiction, and denies a certificate of appealability.

## I.  BACKGROUND

Petitioner challenges a judgment of conviction filed March 29, 1985, and amended on July 13, 1987, in the Superior Court of New Jersey, Law Division, Union County, after a jury convicted him of kidnapping, aggravated sexual assault, armed robbery and receiving stolen property.  On March 29, 1985, the Law Division imposed an aggregate sentence of 45 years in prison, with a nine-year period of parole ineligibility.  Petitioner appealed and on May 4, 1987 the Appellate Division of the Superior Court of New Jersey affirmed the convictions, vacated the sentence, and remanded for resentencing.  On July 13, 1987, the Law Division filed an amended judgment of conviction imposing an aggregate sentence of 45 years in prison, with a 15-year period of parole ineligibility.  Petitioner appealed and on June 16, 1988 the Appellate Division affirmed.  On April 19, 1989, the New Jersey Supreme Court denied certification.  See State v. Moore, 117 N.J. 40 (1989) (table).

In 1991, Petitioner filed a pro se petition for post-conviction relief in the Law Division of the Superior Court of New Jersey.  The Law Division summarily denied post-conviction relief. Petitioner appealed and on November 10, 1993 the Appellate Division vacated the order denying post-conviction relief, and remanded for referral of the case to the state public defender.  On April 8, 1994, the Law Division again denied post conviction relief.  On October 14, 1994, the Law Division denied Petitioner's motion for reconsideration.  On November 1, 1996, the Appellate Division affirmed the order denying post-conviction relief.  See State v. Moore, Docket No. A-2664-94T4 slip op. (N.J. Super., App. Div., Nov. 1, 1996).  On March 19, 1997, the New Jersey Supreme Court denied certification.  See State v. Moore, 149 N.J. 35 (1997) (table).

The Clerk of this Court accepted Petitioner's first § 2254 Petition ("First Petition") for filing on November 19, 1997.  See Moore v. Lewis, Civil No. 97-5559 (WGB) slip op. (D.N.J. Oct. 22, 1998).  After receipt of the Answer and record, in an Opinion and Order filed October 22, 1998, United States District Judge William G. Bassler considered the merits of Petitioner's claims, denied habeas relief, and declined to issue a certificate of appealability.  Id.

On August 17, 2001, Petitioner filed an application to file a second or successive petition in the United States Court of Appeals for the Third Circuit.  See In re Moore, C.A. Docket 01-3243 (3d Cir. filed Aug. 17, 2001).  By Order filed September 13, 2001, the Third Circuit denied the application.  Id.

In his Letter Brief and Reply, Petitioner asserts that on January 21, 2003, he filed a motion to correct an illegal sentence in the Law Division of the Superior Court of New Jersey, which the Law Division failed to adjudicate on the merits.  Petitioner further alleges that on June 14, 2004, he filed a second motion to correct an illegal sentence in the Law Division, which has not been decided.

Petitioner executed the Petition ("the Petition"), which is now before this Court, on July 22, 2005.  The Clerk received it on July 26, 2005.  This Court notified Petitioner of the consequences of filing such a Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and gave him an opportunity to withdraw the Petition and file one all-inclusive Petition, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).  Petitioner asked this Court to rule on the Petition as filed.

3

The Petition sets forth the following grounds:

>Ground One:  THE TRIAL COURT ERRED IN SENTENCING DEFENDANT TO THREE CONSECUTIVE TERMS ON COUNTS ONE, TWO AND THREE OF THE INDICTMENT, AND THEREFORE RESULTED IN AN ILLEGAL SENTENCE.
>
>Ground Two:  THE TRIAL COURT ERRED IN DISMISSING DEFENDANT'S PETITION FILED IN APRIL 1991, BASED ON THE GROUNDS THAT IT WAS PREVIOUSLY ADJUDICATED ON DIRECT APPEAL.  AS A RESULT DEFENDANT WAS PREJUDICED BY THE COURT DECISION.

(Pet. ¶ 12.)  Petitioner presents the following additional points in his Letter Brief:

>Point I:  THE STATE'S UNREASONABLE DELAY AND FAILURE TO AFFORD PETITIONER MOORE AN EVIDENTIARY HEARING ON THE MERITS OF HIS PETITION FOR POST-CONVICTION RELIEF VIOLATED HIS LIBERTY INTEREST PROTECTED BY THE DUE PROCESS CLAUSE TO THE UNITED STATES AND NEW JERSEY CONSTITUTIONS.
>
>Point II:  PETITIONER MOORE WAS DEPRIVED THE RIGHT TO ASSISTANCE OF COUNSEL TO REPRESENT HIM ON HIS STATE PETITION FOR POST-CONVICTION RELIEF AS GUARANTEED BY THE UNITED STATES AND NEW JERSEY CONSTITUTIONS.

(Petitioner's Letter Brief at pp. 7, 10.)

The State filed an Answer, arguing that the Petition should be dismissed because it is a prohibited second or successive petition, barred by the one-year statute of limitations, and none of the claims satisfies the standard for granting habeas relief.  Petitioner filed a Reply to the Answer, arguing that his Petition is properly before this Court because his motion to correct an illegal sentence has been pending in the Law Division of the Superior Court of New Jersey for two years, and that such a delay denies him access to the courts and due process of law.

## II.  DISCUSSION

A.  Jurisdiction

Section 2254 of Title 28 of the United States Code confers jurisdiction on district courts to issue "a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

On April 24, 1996, Congress enacted the AEDPA, which severely limits a district court's jurisdiction over second or successive § 2254 petitions.  As a procedural matter, § 2244(b)(3)(A) "establishes a 'gatekeeping' mechanism that requires a prospective applicant to 'file in the court of appeals a motion for leave to file a second or successive habeas application in the district court.'"  Benchoff v. Colleran, 404 F.3d 812, 816 (3d Cir. 2005) (quoting Felker v. Turpin, 518 U.S. 651, 657 (1996)).  Specifically, the AEDPA provides:  "Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  Once a petitioner moves for authorization to file a second or successive § 2254 application, a three-judge panel of the court of appeals must decide within 30 days whether there is a prima facie showing that the application satisfies the substantive requirements of § 2244(b)(2).  See 28 U.S.C. § 2244(b)(3)(D); Benchoff, 404 F.3d at 816.

The substantive standard requires dismissal of a claim that was presented in a prior § 2254 petition, and requires dismissal of a new claim presented in a "second or successive" §

2254 petition, unless one of two standards is satisfied.  See 28 U.S.C. § 2244(b)(1) and (2).  Specifically, the statute provides:

> (1)  A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2)  A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless:
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(1), (b)(2).

"Unless both the procedural and substantive requirements of § 2244 are met, the District Court lacks authority to consider the merits of the [second or successive] petition."  Benchoff, 404 F.3d at 816.

Although the AEDPA does not define "second or successive," a new application for habeas corpus relief is successive and may not be entertained by a district court, absent authorization from the circuit, where a prior application challenging the same conviction was adjudicated on the merits, i.e., "a determination [was made] that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.. § 2254(a) and (d)."  Gonzalez v. Crosby, 125 S. Ct. 2641, 2648 n.4 (2005).

In Gonzalez, the Supreme Court held that a petitioner's motion to alter or amend an order dismissing a § 2254 application, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, which alleged that in dismissing the petition as time barred, the district court misapplied the federal statute of limitations, does not constitute a "second or successive" § 2254 petition. "If neither the [Rule 60(b)] motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute [limiting successive petitions] or rules." Id. at p. 2648. The Gonzalez Court reasoned that "a Rule 60(b) motion that seeks to revisit the federal court's denial *on the merits* of a claim for relief should be treated as a successive habeas petition." Id. at p. 2649; see also Benchoff v. Colleran, 404 F.3d 812 (second § 2254 petition challenging the denial of parole was a "second or successive" petition within 28 U.S.C. § 2244(b) because the factual predicate (the decision denying parole) for the claim had arisen before Benchoff filed his first § 2254 petition challenging his underlying conviction, which was decided on the merits).

The Petition before this Court constitutes a "second or successive" petition because both the Petition and Judge Bassler's decision on Petitioner's First Petition "substantively address[] federal grounds for setting aside [Petitioner's] state conviction." Gonzalez, 125 S. Ct. at 2648. This Court lacks jurisdiction over the present Petition because Petitioner has not obtained authorization from the Third Circuit to file the present Petition, as required by § 2244(b).

Under 28 U.S.C. § 1631, a district court may transfer a motion requesting authorization to file a second or successive petition to the court of appeals when that motion has been erroneously brought before the district court. See Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002)

("When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631").  None of the claims Petitioner presents here relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence.  See 28 U.S.C. § 2244(b)(2).  Accordingly, this Court declines to transfer the Petition to the Third Circuit, and will dismiss the Petition for lack of jurisdiction.

B.  Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the Supreme Court held:  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

This Court denies a certificate of appealability, pursuant to 28 U.S.C. § 2253(c), because jurists of reason would not find it debatable that dismissal of the Petition is correct.

### III.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition seeking the issuance of a Writ of Habeas Corpus for lack of jurisdiction and denies a certificate of appealability.

S/Joseph A. Greenaway, Jr.  
JOSEPH A. GREENAWAY, JR., U.S.D.J.

DATED: November 29, 2006